UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                                                :
STATE OF NEW JERSEY,                            :
DEPARTMENT OF ENVIRONMENTAL    :
PROTECTION, AND MARK                         :
MAURIELLO, ACTING                                 :
COMMISSIONER, NEW JERSEY              :
DEPARTMENT OF ENVIRONMENTAL    :
PROTECTION,                                             :
                                                                :
       Plaintiffs,                                        :       Civil Action No. 09-5591 (JAP)
                                                                :
       v.                                                     :
                                                                :
UNITED STATES ARMY CORPS OF        :
ENGINEERS, LIEUTENANT COLONEL  :
THOMAS TICKNER, as District                 :
Commander of the Army Corps of             :
Engineers Philadelphia District, and         :
JO-ELLEN DARCY, as Assistant              :
Secretary for Civil Works, United States  :
Army Corps of Engineers,                        :
                                                                :
       Defendants.                                      :
_____ :
                                                                :
DELAWARE RIVERKEEPER                     :
NETWORK, the DELAWARE                     :
RIVERKEEPER, DELAWARE NATURE   :
SOCIETY, NATIONAL WILDLIFE           :
FEDERATION, NEW JERSEY                  :
ENVIRONMENTAL FEDERATION,         :
CLEAN WATER ACTION,                         :
                                                                :
       Plaintiffs,                                        :       Civil Action No. 09-5889 (JAP)
                                                                :
       v.                                                     :       **OPINION**
                                                                :
UNITED STATES ARMY CORPS OF        :
ENGINEERS, JOHN MCHUGH,                 :
Secretary of the Army (in his official       :
capacity), JO-ELLEN DARCY, Assistant :
Secretary of the Army for Civil Works (in :
her official capacity), LIEUTENANT        :

|  |  |
|---|---|
| GENERAL ROBERT L. VAN ANTRWERP, JR., Commander (in his official capacity), LIEUTENANT COLONEL THOMAS TICKNER, Commander, North Atlantic Division, Philadelphia District (in his official capacity), | : : : : : : : : |
| Defendants. | : : |

PISANO, District Judge:

Presently before the Court is Defendants' Motions to Transfer the above entitled consolidated actions to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a). Civil Docket No. 09-5591, Docket Entry No. 21; Civil Docket No. 09-5889, Docket Entry No. 13. For the reasons set forth below, Defendants' Motions to Transfer are denied.

I.  Background

These cases arises out of the United States Army Corps of Engineers' ("USACE") plan to deepen 102 miles of the Delaware River along the New Jersey, Delaware, and Pennsylvania borders (the "Project"). In order to deepen the river as contemplated by the Project, millions of cubic yards of sediment containing various environmental contaminants must be removed from the river bottom. Nearly all of this sediment will then be deposited at disposal sites within New Jersey. Plaintiff the New Jersey Department of Environmental Protection ("NJDEP") alleges that the Project violates the National Environmental Policy Act ("NEPA"), the Clean Air Act ("CAA"), the Clean Water Act ("CWA"), and the Coastal Zone Management Act ("CZMA"). Plaintiffs Delaware Riverkeeper Network, the Delaware Riverkeeper, Delaware Nature Society, National Wildlife Federation, New Jersey Environmental Federation, and Clean Water Action (collectively "Riverkeeper") also allege that the Project violates NEPA, CAA, CWA, and

CZMA, as well as the Water Resources Development Act, the Endangered Species Act, the Magnuson-Steven Fisheries Conservation and Management Act, and the Fish and Wildlife Coordination Act.

On November 2, 2009, the NJDEP filed a complaint against USACE seeking a declaration that the Project is unlawful and an injunction enjoining the USACE from proceeding with the Project until such time as it has complied with the statutes cited above. Civil Action No. 09-5591. On November 19, 2009, Riverkeeper filed a complaint against the USACE seeking substantially the same relief sought by the NJDEP. Civil Action No. 09-5889. Shortly before the NJDEP filed its complaint in this Court, the State of Delaware Department of Natural Resources and Environmental Control ("DNREC") filed a complaint against the USACE in the United States District Court for the District of Delaware seeking declaratory and injunctive relief to prevent the Project from commencing (the "Delaware Action"). Del. Civil Action No. 09-821. The DNREC complaint seeks relief under both federal and Delaware state law. Both the NJDEP and Riverkeeper have properly intervened in the Delaware Action.

On November 2, 2009, the DNREC moved in the Delaware Action for a preliminary injunction to prevent the USACE from beginning the Project. On January 27, 2010, the Delaware District Court denied in part and granted in part the DNREC motion. The Delaware District Court Order allows the first phase of the Project, which is located entirely in Delaware, to commence but enjoins the USACE from commencing all other phases of the Project, including all phases in New Jersey. On February 5, 2010, Riverkeeper filed an appeal of the Delaware District Court's Order in the United States Court of Appeals for the Third Circuit and moved for a stay pending appeal. Riverkeeper's appeal has since been dismissed pursuant to Federal Rule of Appellate Procedure 42(b).

On February 8, 2010, the USACE filed the instant Motions to Transfer both District of New Jersey cases to the District of Delaware. The NJDEP and Riverkeeper oppose transfer. On March 12, 2010, this Court consolidated the District of New Jersey cases with the consent of the parties and will now address both motions to transfer.

II.     Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A civil action in which an officer or employee of the United States has been named as a defendant may be brought in any district in which "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). The decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is an exercise of the Court's discretion. *See*. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). The burden of establishing that a transfer is proper lies with the movant. *Id.* at 879. Plaintiff's choice of venue should not be disturbed lightly; therefore, the movant must show "that its alternative forum is not only adequate, but more convenient than the present forum." *Hudson United Bank v. Chase Manhattan Bank of Conn., NA*, 832 F.Supp. 881, 888 (D.N.J. 1993) (citing *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43-44 (3d Cir.1988)).

"There is no definitive formula or list of the factors to consider" when deciding a motion to transfer. *Jumara*, *supra*, 55 F.3d at 879. However, the statute itself identifies three factors for a court to consider when deciding a motion to transfer: 1) "the convenience of the parties," 2) "the convenience of the witnesses," and 3) "the interests of justice." *Hudson United Bank*,

*supra*, 832 F.Supp. at 887-88 (citing *Sandvik, Inc. v. Continental Ins. Co.,* 724 F.Supp. 303, 306 (D.N.J.1989); *Derry Finance N.V. v. Christiana Cos.,* 555 F.Supp. 1043, 1045 (D.Del.1983)).  In addition to the factors set forth in 28 U.S.C. §1404(a), courts consider a variety of private and public interests when deciding whether a transfer is appropriate in a given case.  *Jumara*, *supra*, 55 F.3d at 879.  The private interests include 1) the plaintiff's preferred forum as expressed by the original forum choice, 2) the defendant's preference, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience and availability of witnesses, and 6) the location of books and records.  *Id.*  The public interests include 1) enforceability of the Court's judgment, 2) "practical considerations that could make the trial easy, expeditious, or inexpensive," 3) the level of congestion in the respective forums, 4) "the local interest in deciding local controversies at home," 5) the public policies of the forum, and 6) "the familiarity of the trial judge with the applicable state law in diversity cases."  *Id* at 879-80.

     As a threshold matter, this Court concludes that the NJDEP's case could not have been properly brought in the District of Delaware and therefore, transfer of this action is not proper under 28 U.S.C. § 1404(a).[1]  The NJDEP resides in the District of New Jersey.  The USACE does not reside in either the District of New Jersey or the District of Delaware.  Further, "a substantial part of the events [] giving rise to the claim" did not occur in Delaware and "a substantial part of property that is the subject of the action" is located in New Jersey.  The action complained of in the NJDEP complaint relates to the USACE's alleged failure to test river sediments that will be dredged as part of deepening the main channel of the Delaware River.  The NJDEP also alleges that the USACE is not in compliance with a Water Quality Certificate issued by the State of New Jersey authorizing maintenance of the existing navigational channel

---

[1] Riverkeeper does not dispute that its case could have been brought in the District of Delaware.  Instead, Riverkeeper argues that the private and public interests weigh against transfer.

in the Delaware River and Bay. The NJDEP contends that the USACE is not in compliance because, among other things, it has failed to create a strategy for managing the sediment to be dredged from the river. The property at issue in this case is located in New Jersey. As part of the Project, the USACE plans to deposit millions of cubic yards of river sediment at disposal sites located in New Jersey. The NJDEP alleges that the USACE has not analyzed the impact that this sediment will have on the surface ground water and air quality in New Jersey. The NJDEP alleges that the Project may not be consistent with New Jersey's coastal zone management program, New Jersey water quality standards, or New Jersey's State Implementation Plan under the CAA. The claims brought by the NJDEP are specific to New Jersey. The fact that overlapping issues exist between the New Jersey and Delaware cases does not render venue proper in the District of Delaware because the NJDEP could not have brought its action in the District of Delaware in the first instance.

Additionally, the local interests in this case weigh heavily against transfer to the District of Delaware. Plaintiffs allege violations of NEPA, CAA, CWA, and CZMA that if proven would directly impact New Jersey residents who have an interest in having a New Jersey court decide the issues. The Project contemplates disposing of millions of cubic yards of river sediment within the State of New Jersey. Disposal of this sediment in New Jersey has the potential to negatively impact the soil, air, and water quality within the state. Further, the claims brought by Plaintiffs arose in New Jersey because the claims involve issues raised by the dredging of the Delaware River between New Jersey and Pennsylvania. Defendant has failed to show that adjudicating these cases in Delaware would not only be proper but also more convenient than adjudicating the cases in New Jersey. Therefore, Plaintiffs' choice of venue will not be disturbed and this Court denies Defendants' motions to transfer.

The Court recognizes that the District of New Jersey cases and the District of Delaware case will be running on parallel tracks and that the potential exists for inconsistent judgments in the respective District Courts.  This Court has conferred with Judge Robinson in the District of Delaware and the parties are asked to consider consenting to the Courts conducting joint status conferences in order to generate a case management order appropriate to both cases.  This may involve appearing before both judges, sitting together, in New Jersey or Delaware, as may be convenient or necessary.

### III.	Conclusion

For the reasons set forth above, the Defendants' Motions to Transfer are denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO<br>United States District Judge

Dated: April 26, 2010