**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                           :
STATE OF NEW JERSEY,                       :
DEPARTMENT OF ENVIRONMENTAL                :
PROTECTION, AND MARK                       :
MAURIELLO, ACTING                          :
COMMISSIONER, NEW JERSEY                   :
DEPARTMENT OF ENVIRONMENTAL                :
PROTECTION,                                :
                                           :
      Plaintiffs,                         :         Civil Action No. 09-5591 (JAP)
                                           :
      v.                                  :
                                           :
UNITED STATES ARMY CORPS OF                :
ENGINEERS, LIEUTENANT COLONEL              :
THOMAS TICKNER, as District                :
Commander of the Army Corps of             :
Engineers Philadelphia District, and       :
JO-ELLEN DARCY, as Assistant               :
Secretary for Civil Works, United States   :
Army Corps of Engineers,                   :
                                           :
      Defendants.                         :
_____        :
                                           :
DELAWARE RIVERKEEPER                       :
NETWORK, the DELAWARE                      :
RIVERKEEPER, DELAWARE NATURE               :
SOCIETY, NATIONAL WILDLIFE                 :
FEDERATION, NEW JERSEY                     :
ENVIRONMENTAL FEDERATION,                  :
CLEAN WATER ACTION,                        :
                                           :
      Plaintiffs,                         :         Civil Action No. 09-5889 (JAP)
                                           :
      v.                                  :         **OPINION**
                                           :
UNITED STATES ARMY CORPS OF                :
ENGINEERS, JOHN MCHUGH,                    :
Secretary of the Army (in his official     :
capacity), JO-ELLEN DARCY, Assistant       :

1

| | |
|---|---|
| Secretary of the Army for Civil Works (in her official capacity), LIEUTENANT GENERAL ROBERT L. VAN ANTRWERP, JR., Commander (in his official capacity), LIEUTENANT COLONEL THOMAS TICKNER, Commander, North Atlantic Division, Philadelphia District (in his official capacity), | : : : : : : : : : |
| Defendants. | : : |

PISANO, District Judge:

Presently before the Court is plaintiffs New Jersey Department of Environmental Protection and Bob Martin, Commissioner, New Jersey Department of Environmental Protection's (collectively "NJDEP") Motion for a Declaration on the Administrative Record and to Settle the Administrative Record, and plaintiffs Delaware Riverkeeper Network, the Delaware Riverkeeper, Delaware Nature Society, National Wildlife Federation, New Jersey Environmental Federation, and Clean Water Action's (collectively "Riverkeeper") Motion to Compel Completion of the Administrative Record. Docket Entry No. 60 and 61. After considering the arguments advanced by the parties at a hearing held on June 2, 2010, and the parties' written submissions, for the reasons set forth below, Plaintiffs' motions are denied.

    I.    Background

These consolidated cases arise out of the United States Army Corps of Engineers' ("USACE") plan to deepen 102 miles of the Delaware River along the New Jersey, Delaware, and Pennsylvania borders (the "Project"). In order to deepen the river as contemplated by the Project, millions of cubic yards of sediment containing various environmental contaminants must be removed from the river bottom. Plaintiff NJDEP alleges that the Project violates the National Environmental Policy Act ("NEPA"), the Clean Air Act ("CAA"), the Clean Water Act

("CWA"), and the Coastal Zone Management Act ("CZMA").  Plaintiff Riverkeeper alleges that the Project violates NEPA, CAA, CWA, and CZMA, as well as the Water Resources Development Act, the Endangered Species Act, the Magnuson-Steven Fisheries Conservation and Management Act, and the Fish and Wildlife Coordination Act.

On November 2, 2009, the NJDEP filed a complaint against USACE seeking a declaration that the Project is unlawful and an injunction enjoining the USACE from proceeding with the Project until such time as it has complied with the statutes cited above.  Civil Action No. 09-5591.  On November 19, 2009, Riverkeeper filed a complaint against the USACE seeking substantially the same relief sought by the NJDEP.  Civil Action No. 09-5889.  Shortly before the NJDEP filed its complaint in this Court, the State of Delaware Department of Natural Resources and Environmental Control ("DNREC") filed a complaint against the USACE in the United States District Court for the District of Delaware seeking declaratory and injunctive relief to prevent the Project from commencing (the "Delaware Action").  Del. Civil Action No. 09-821.  The DNREC complaint seeks relief under both federal and Delaware state law.  Both the NJDEP and Riverkeeper have properly intervened in the Delaware Action.  On November 2, 2009, the DNREC moved in the Delaware Action for a preliminary injunction to prevent the USACE from beginning the Project.  On January 27, 2010, the Delaware District Court denied in part and granted in part the DNREC motion.  The Delaware District Court's order allows the first phase of the Project, which is located entirely in Delaware, to commence but enjoins the USACE from commencing all other phases of the Project, including all phases in New Jersey.

On February 8, 2010, the USACE filed motions in both of the consolidated cases seeking transfer to the United States District Court for the District of Delaware.  Docket No. 09-5591, Docket Entry No. 19; Docket No. 09-5889, Docket Entry No. 13.  The NJDEP filed its Amended

Complaint against USACE on March 1, 2010. Docket Entry No. 23.[1] Riverkeeper filed its Amended Complainti against the USACE on May 7, 2010. Docket Entry No. 59. An in-person status conference was held before this Court on March 10, 2010, and an order consolidating Riverkeeper's case with the NJDEP's case was entered on March 12, 2010. Docket No. 09-5591, Docket Entry No. 32; Docket No. 09-5889, Docket Entry No. 24. An Order and Opinion denying the USACE's motion to transfer was entered on April 26, 2010. Docket No. 09-5591, Docket Entry No. 51 & 52. In its April 26, 2010 Opinion denying the USACE's motions to transfer, this Court requested the parties' consent to joint status conferences in these consolidated cases and in the pending Delaware Case. Docket Entry No. 51. The parties consented and the first joint status conference was held before the Honorable Joel A. Pisano, U.S.D.J. and the Honorable Sue L. Robinson, U.S.D.J., in Trenton, New Jersey, on June 2, 2010. Docket Entry No. 73.

On April 27, 2010, the administrative record in these consolidated cases was received by the Court. Docket Entry No. 53. Both the NJDEP and Riverkeeper filed motions seeking to supplement the administrative record on May 12, 2010. Docket Entry No. 60 & 61. The NJDEP argues in its motion that because it is seeking injunctive relief it may offer evidence that is not contained in the administrative record, and that the record is "deficient and incomplete." Docket Entry No. 60. Riverkeeper has joined in the NJDEP's motion. Docket Entry No. 62. Both the NJDEP and Riverkeeper seek the inclusion of documents generated through March 1, 2010, the date on which the USACE decided to begin the first phase of the Project. Docket Entry No. 60 & 62. The USACE opposes both motions; however, it has conceded that some of the documents identified by the NJDEP and/or Riverkeeper may properly be included in the administrative record and has agreed to include those documents. Docket Entry No. 67. The Court heard

---

[1] Unless otherwise noted, references to only docket entry numbers refer to docket number 09-5591.

argument from all parties on the issues raised in the NJDEP and Riverkeeper's motions on June 2, 2010.

    II.    Discussion

Judicial review under the Administrative Procedures Act ("APA"), the statutory scheme that governs this Court's review of the agency action at issue in this case, is limited. APA section 706(2)(A) states in pertinent part:

> The reviewing court shall—
>
>> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>>
>>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> 5 U.S.C. § 706(2)(A).

The "arbitrary and capricious" standard set out in section 706(2)(A) is narrow and a reviewing court is not permitted to substitute its own judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). If the agency has examined the data relevant to its decision and can "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made'" the agency action will be upheld. *Id.* (quoting *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 (1962)).

Section 706 requires a reviewing court to "review the whole record or those parts of it cited by a party" when determining whether a challenged agency action was arbitrary and capricious. 5 U.S.C. § 706. The administrative record is compiled and designated by the agency, and it is entitled to a strong presumption of regularity absent clear evidence of irregularity. *Pacific Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'r*, 448 F.

Supp. 2d 1, 5 (D.D.C. 2006). The administrative record consists of "all materials 'compiled' by the agency[ ] that were 'before the agency at the time the decision was made.'" *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (quoting *James Madison Ltd. by Hecht v. Ludwig,* 82 F.3d 1085, 1095 (D.C. Cir. 1996)). The "whole record" referred to in section 706 consists of nothing more or less than all the documents and materials directly or indirectly considered by the agency in its decision-making process. *Pacific Shores*, *supra*, 448 F. Supp. 2d at 4 (citing *Maritel, Inc. v. Collins,* 422 F. Supp. 2d 188, 196 (D.D.C. 2006) (quoting *Bar MK Ranches v. Yuetter,* 994 F.2d 735, 739 (10th Cir. 1993)); *Fund for Animals v. Williams,* 391 F. Supp. 2d 191, 197 (D.D.C. 2005); *Amfac Resorts, LLC v. Dep't of Interior,* 143 F. Supp. 2d 7, 12 (D.D.C. 2001)). The agency is charged with determining what constitutes the whole record because although certain materials may be relevant to an agency decision, if those materials were not considered by the agency when the challenged decision was made the materials should not be included in the administrative record. *Id*. (quoting *Ammex, Inc. v. United States,* 62 F. Supp. 2d 1148, 1156 (C.I.T.1999)). A broader interpretation of the phrase "before the agency" would undermine the value of judicial review and render judicial review meaningless. *Id.* at 5 (quoting *Fund for Animals v. Williams,* 245 F. Supp. 2d 49, 57 n.7 (D.D.C. 2003)).

Normally, the administrative record cannot be supplemented in a challenge to agency action under the APA. *NVE, Inc. v. Dep't of Health and Human Servs.*, 436 F.3d 182, 189 (3d Cir. 2006); *Pacific Shores*, *supra*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ("[s]upplementation of the administrative record is the exception, not the rule"). The Supreme Court has stated that when applying the arbitrary and capricious standard articulated in section 706(2)(A), "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). "The task of

the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Horizons Int'l, Inc. v. Baldrige*, 811 F.2d 154, 162 (3d Cir. 1987) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)). If the reviewing court is not able to evaluate the challenged agency action on the administrative record presented, the proper course is to remand the matter to the agency for additional investigation or explanation. *Id.*

The Third Circuit allows supplementation of the administrative record in APA cases under two circumstances – in cases where the administrative record "does not disclose the factors considered by an agency or the agency's construction of the evidence," and in cases where there is agency bias. *See Horizons Int'l*, *supra*, 811 F.2d at 162-63; *NVE*, *surpa*, 436 F.3d at 195. The Third Circuit does not allow supplementation of an administrative record solely because a plaintiff is seeking injunctive relief.[2]

Plaintiffs argue that supplementation of the record is proper because they are seeking injunctive relief and seek to expand the record to include all relevant data collected on and before March 1, 2010, the date on which the Project began. Plaintiffs, however, have not shown that the administrative record fails to disclose the factors considered by the agency when the challenged decisions were made or fails to disclose the agency's construction of the evidence, or that the agency was biased. To allow supplementation of the administrative record in this case simply because Plaintiffs are seeking injunctive relief would make the focal point for judicial review "some new record made initially in the reviewing court" in direct contravention of the Supreme Court's decision in *Camp v. Pitts*. *See Camp*, *supra*, 411 U.S. at 142.

---

[2] Plaintiffs' rely upon *Salazar v. Buono*, __ U.S. __, 2010 WL 1687118 (2010) for the proposition that extra-record evidence is admissible when injunctive relief is sought. Plaintiffs' reliance is misplaced as *Salazar* does not address judicial review of an agency decision under the APA.

Plaintiffs also argue that the administrative record submitted by the USACE is "deficient and incomplete." Plaintiffs base this argument in part on the fact that some of the documents produced pursuant to Freedom of Information Act ("FOIA") requests were not included in the administrative record designated by the USACE. A document that is omitted from a properly designated administrative record may nonetheless be produced pursuant to a FOIA request given FOIA's emphasis on the production of "every scrap of paper that could or might have been created." *See TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) (citing *Ctr. for Auto Safety v. Fed. Hwy. Admin.*, 956 F.2d 309, 314 (D.C.Cir. 1992)), *aff'd*, 433 F.3d. 852 (D.C. Cir. 2006). In contrast, an administrative record contains only those documents or materials that were considered, either directly or indirectly, by the agency in its decision making process. *Pacific Shores*, *supra*, 448 F. Supp. 2d at 4. The record designated by the USACE contains in excess of 40,000 pages of documentation. While the size of the administrative record is not dispositive of whether the agency has produced the complete administrative record, the size of the record is a factor a court may consider when deciding whether to supplement or expand the administrative record designated by the agency. *See NVE*, *supra*, 436 F.3d at 195. Given FOIA's emphasis on disclosure, the Court concludes that the omission of documents obtained by Plaintiffs through FOIA does not indicate that the USACE has purposely omitted documents that it relied upon when making the challenged decisions. Furthermore, the size of the record designated by the USACE does not indicate that it has provided the Court with anything less than the complete administrative record. The Court concludes that Plaintiffs have not overcome the presumption of regularity afforded to the administrative record designated by the USACE by presenting clear evidence of irregularity. *Pacific Shores*, *supra*, 448 F. Supp. 2d at 5.

    III.    Conclusion

For the reasons set forth above, the Court concludes that supplementing the administrative record in this case is inappropriate for the reasons set forth above.  Accordingly, Plaintiffs' motions are denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: July 13, 2010